IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WAYNE ROGERS, | No. C 00-0799 MMC (PR) |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| SANTA CRUZ COUNTY BOARD OF SUPERVISORS, et al., | **(Docket No. 4)** |
| Defendants. | |

On March 7, 2000, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983, seeking damages for his alleged unconstitutional criminal conviction. Plaintiff also sought leave to proceed in forma pauperis. On March 23, 2000, the Court found the action was barred under Heck v. Humphrey, 512 U.S. 477 (1994). (See Order of Dismissal, filed Mar. 23, 2000, at 2.) Consequently, judgment was entered dismissing the action without prejudice and denying plaintiff leave to proceed in forma pauperis. (See Judgment, filed Mar. 23, 2000.) Plaintiff did not appeal the Court's decision. On July 26, 2007, more than seven years after judgment was entered in this matter, plaintiff filed a motion for reconsideration of the Court's order denying him in forma pauperis status.[1]

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion

---

[1] Plaintiff filed his motion for reconsideration after he received a letter from the Clerk of the Court, dated April 17, 2007, informing plaintiff that the $150.00 filing fee has never been paid in the instant action and is now past due. (See Motion & Letter dated Apr. 17, 2007, attached thereto.)
A prisoner who is denied leave to proceed in forma pauperis in a civil action may not proceed without prepayment of the entire filing fee. By contrast, a prisoner who is granted leave to proceed in forma pauperis in a civil action is not required to prepay the filing fee, but may instead make monthly payments from the prisoner's trust account to the Clerk of the Court until the entire fee is paid. See 28 U.S.C. §§ 1915(a), 1915(b)(1)-(2).

for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) is inapplicable to plaintiff's motion, because the motion was submitted after the time for filing such a motion had passed. See Fed. R. Civ. P. 59(e) (providing motion must be filed no more than ten days following entry of judgment).

Under Rule 60(b), a movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). A Rule 60(b) motion must be brought within a "reasonable time." See Fed. R. Civ. P. 60(b). For reasons (1), (2) and (3), this means the motion must be made no later than one year after the judgment was entered. See id. Thus, reasons (1), (2) and (3) are inapplicable to plaintiff's motion, because the motion was made more than seven years after judgment was entered. Reasons (4) and (5) also are inapplicable to plaintiff's motion, because he does not argue the judgment is void or that it has been satisfied.

The only reason applicable to plaintiff's motion is reason (6), "any other reason justifying relief." This reason requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Plaintiff argues the Court should not have denied him leave to proceed in forma pauperis in the instant action because the Court granted him leave to proceed in forma pauperis on appeal in a subsequent action, and his financial status was the same at the time he filed both actions. Contrary to plaintiff's argument, the two in forma pauperis determinations involved different considerations, and, as set forth below, neither determination was erroneous.

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."

United States District Court
For the Northern District of California

Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). In the instant action, the Court denied plaintiff leave to proceed in forma pauperis because it found the allegations in plaintiff's complaint failed to state a claim for relief under Heck, which holds that a claim for damages for an allegedly unconstitutional conviction is not cognizable under 42 U.S.C. § 1983 if the conviction has not previously been reversed or declared invalid. See Heck, 512 U.S. at 487. Plaintiff does not contend the Court erred when it determined that his complaint was barred under Heck. Accordingly, under Tripati, the Court properly denied plaintiff leave to proceed in forma pauperis in the instant action based on the complaint's lack of merit, regardless of his financial status at the time.

By comparison, when plaintiff sought leave to proceed in forma pauperis on appeal in Rogers v. Carey, No. C 02-1982 MMC (PR) ("Rogers v. Carey"),[2] under 28 U.S.C. § 1915(a) the Court was required to consider both whether plaintiff was indigent and whether his appeal was taken in good faith. See 28 U.S.C. § 1915(a)(1),(3). The Court found plaintiff satisfied both requirements and, accordingly, under § 1915(a)(1) and (3), the Court properly granted plaintiff leave to proceed in forma pauperis on appeal in that case.

Consequently, even if plaintiff's financial status was the same when he requested leave to proceed in forma pauperis in the instant action and on appeal in Rogers v. Carey, the Court did not err when it denied the former request and granted the latter, because it properly considered different factors when making each determination. In sum, plaintiff has not provided extraordinary grounds justifying reconsideration of the Court's order denying in forma pauperis status in the instant action.

Accordingly, the motion for reconsideration is hereby DENIED.

This order terminates Docket No. 4.

IT IS SO ORDERED.

DATED: December 3, 2007

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] Plaintiff filed Rogers v. Carey, a petition for a writ of habeas corpus, on April 24, 2002. On December 29, 2005, the Court denied the petition on the merits. On March 13, 2006, the Court granted plaintiff's request to proceed in forma pauperis on appeal.